IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTE HOLLIS, R67003, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES TRUITT, | )  Case No. 22-cv-1171-DWD |
| M. ROLING, | ) |
| J. RIOS, | ) |
| ROB JEFFREYS, | ) |
| LT. KEVIN RIECHERT[1], | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Marte Hollis, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Stateville and Menard Correctional Centers (Stateville/Menard). (Doc. 1). Plaintiff claims that the defendants violated his rights by strip searching his wife after a visit, threatening him with retaliation if he would not disclose information, and restricting his visitation privileges at Stateville and Menard. He requests compensatory damages and injunctive relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b).

---

[1] In the caption of the case, Plaintiff listed this Defendant as Kevin Riechert, but in the body text he referred to him as Kevin Reichert.

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges beginning in January of 2019, internal affairs interviewed him about his knowledge of activity outside of prison, and when he denied any knowledge, they threatened to make his life at Stateville miserable.  (Doc. 1 at 7).  From January to July of 2019, Plaintiff endured many shakedowns, harassment, and confiscation of his property.  In July of 2019 he received a fabricated disciplinary ticket, which was eventually dismissed.  (*Id.* at 8).  On October 18, 2019, he was married at Stateville.  On December 19, 2019, his wife visited him and they inspected each other's rings.  Plaintiff alleges that internal affairs ended the visit and escorted them to separate locations.  Plaintiff alleges that Defendant Rios threatened and intimidated his wife, took her ring, and subjected her to a strip and cavity search in front of male officers.  He claims that the search violated IDOC policy.

Plaintiff alleges that he was issued another false disciplinary ticket related to the visit, but the ticket was dismissed on December 24, 2019, by the adjustment committee.  (Doc. 1 at 9).  Immediately after the ticket was dismissed, he was transferred to Menard on December 26, 2019, out of retaliation.

In February of 2020, Plaintiff alleges that Stateville told Menard to place him under investigation. (Doc. 1 at 9). On March 23, 2020, Plaintiff got a disciplinary report from Stateville's Officer Roling for possession of contraband (a cell phone). The adjustment committee at Menard sanctioned Plaintiff to 3 months of segregation and 3 months of C-grade. In support of the complaint, Plaintiff submitted the disciplinary report. Plaintiff alleges that Roling was one of the officers at Stateville that had previously retaliated against him.

Around May 3, 2021, Plaintiff alleges that his wife attempted to schedule a video visit, but she was informed she could not visit by video or in person. (Doc. 1 at 9). Plaintiff alleges he had never received notice of any visitation restrictions associated with the discipline for the cell phone. Plaintiff alleges that finally, on May 17, 2021, he received a letter from Defendant Truitt (an assistant warden at Stateville) that informed him of a permanent visiting restriction between he and his wife. Plaintiff claims that the letter indicated that the basis for the restriction was illicit cell phone communications between the couple. Plaintiff alleges that when he went to the adjustment committee in April of 2020, he never received notice of this restriction. Plaintiff states that under Rule 504, he could lose visitation privileges for a rule violation, but he alleges that the adjustment committee felt this was not appropriate so he got segregation and C-grade instead. (Doc. 1 at 10). He alleges that the delayed notification of the restriction on his visits was cruel and unusual, and it is a form of continued retaliation for something that began at Stateville and has nothing to do with Menard.

Plaintiff further alleges that "since completing this lawsuit Stateville Correctional Center did away with the visiting restriction and now Menard is upholding it when the incident in question never happened at Menard. He argues that if Stateville was willing to lift the restriction, Menard without a doubt should also. These restrictions are being upheld by Kevin Riechert Asst. Warden of Operations." (Doc. 1 at 10).

Plaintiff claims he wrote to Defendant Jeffreys about the incident but Jeffrey's refused to answer and has turned a blind eye. (Doc. 1 at 11). He alleges that Defendant Truitt illegally began the process for the restriction 13 months after his discipline and without notice. He also alleges that Defendant Riechert is participating in ongoing retaliation by upholding the visitation restriction after Stateville discontinued it. Finally, he claims that the whole issue has driven him to suicide attempts.

As relief, Plaintiff seeks $300,000 and the restoration of his visits.

In support of his complaint, Plaintiff included the three alleged disciplinary reports, and a May 3, 2021, letter from Truitt. The disciplinary report about the cell phone does not reflect the assessed punishment. The letter from Truitt states that Plaintiff was put on the visitor restriction because of illicit cell phone use, but it does not explicitly mention his wife. (Doc. 1 at 19). The letter stated that Plaintiff could challenge it in writing within 14 days of receipt, or he could request the removal of the restriction after six months.

## Discussion

Plaintiff's complaint suffers from multiple defects, and for reasons explained below, he has failed to state a valid claim.

As to any retaliation at Stateville from January to July 2019, Plaintiff filed this case too late.  The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts.  See *Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989).  In Illinois, where the events in Plaintiff's complaint occurred, that period is two years.  See *Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202.  Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level.  See *Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015).  A court may sua sponte dismiss a case at § 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous."  *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).  Plaintiff filed the current complaint on June 7, 2022, which is nearly three years after the bulk of the retaliatory conduct he identified.  Accordingly, he cannot state a claim here for this alleged retaliation.  Defendant Rios was only discussed in relation to this early retaliatory conduct, so Rios is dismissed.  To the extent Roling was discussed in this early conduct, or in the March 2020 disciplinary ticket, such claims would also be untimely.

As to any claims pertaining to his wife, a pro se litigant is not allowed to bring legal claims on behalf of another party, so he cannot represent her interests in this lawsuit.  *In re IFC Credit Corp.*, 663 F.3d 315, 318-19 (7th Cir. 2011) ("individuals are permitted to litigate pro se, though not to represent other litigants.").  Any claim Plaintiff brings on his

wife's behalf related to conduct in 2019 is time-barred, and he cannot represent her, so the claims are dismissed.

Plaintiff's remaining claim is that his Eighth and Fourteenth Amendment rights were somehow violated by what he views as a retroactive imposition of a restriction on his visitation privileges. Plaintiff admits that on March 23, 2020, he received a disciplinary report for electronic contraband he possessed at Stateville, and that the adjustment committee gave him three months of segregation and C-grade as discipline. He also acknowledges that per IDOC rules, he could theoretically receive a restriction on his visitation privileges, though he argues that the adjustment committee felt it was not appropriate so they did not impose the restriction. Plaintiff adds that Stateville somehow agreed to remove the restriction, but Defendant Riechert continues to impose it. In support of the complaint, Plaintiff submitted the disciplinary report, as well as the May 3, 2021, letter from Defendant Truitt informing him of a minimum of six months of visitor restrictions. The letter indicated that he could contest the restriction within 14 days, or after six months, he could request restoration of privileges.

Plaintiff cannot maintain a claim based on the visitation restriction because he does not provide any information about efforts to challenge the restriction at the institutional level, but even if he did, a visitation restriction does not violate the Fourteenth Amendment. Generally, the only form of punishment from prison disciplinary proceedings that invokes due process is the loss of good time credits. *See Antoine v. Uchtman*, 275 Fed. App'x 539, 541 (7th Cir. 2008) (A month's segregation, loss of commissary privileges, and loss of prison employment affect neither a liberty nor a

property interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (demotion in status, segregation, and transfer do not raise due process concerns); *citing Thomas v. Ramos*, 130 F.3d 754, 761-62 & n.8 (7th Cir. 1997) (temporary segregation and demotion to C-grade status do not violate due process). To establish a due process violation, a Plaintiff must show that the discipline imposes an "atypical and signification hardship" on the inmate. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005). Courts have found that the loss of visitation privileges does not constitute an "atypical and significant hardship." *Woody v. Zatecky*, 594 Fed. App'x 311, 312 (7th Cir. 2015) (loss of visitation, including contact visits is not an atypical and significant hardship). The restriction on Plaintiff's visits, which apparently stemmed from a prison rule violation that he does not contest, does not constitute an atypical and significant hardship.

Plaintiff alleges that Stateville agreed to remove the restriction, but Riechert has continued to impose it. There is no constitutional right to demand that the head of one prison follow disciplinary decisions made by another facility. Additionally, Plaintiff does not make it clear how Defendant Riechert is personally involved in the continued imposition of the visitation restriction. He does not for example, describe grievances or letters to Riechert, nor does he detail Riechert's personal actions to effectuate the restriction. Riechert is tied to the due process claim by a single sentence stating that "these restrictions are being upheld by Kevin Riechert, Assistant Warden of Operations." To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555,

561 (7th Cir. 1995). The threadbare assertion that a supervisor is responsible with no supporting information is insufficient to state a claim.

As to Defendant Roling, Plaintiff discussed Roling's participation in the disciplinary report for the cell phone, but he does not allege that Roling did anything improper with respect to this disciplinary incident, and he admits he was found guilty of the infraction. Based on the facts presented, there is no valid claim against Roling.

As to Defendant Truitt, Plaintiff suggests that Truitt violated his rights because he waited 13 months beyond the disciplinary proceedings to inform him via letter of the visitation restriction. The delay in notification itself does not amount to a claim under the Due Process clause. As previously explained, the restriction on visitors also does not violate Due Process, so Plaintiff failed to state a claim against Truitt.

Finally, as to Defendant Jeffreys, Plaintiff has failed to state a claim because Jeffreys cannot be responsible in any sense for failing to respond if there is no underlying constitutional violation. The restriction on visitation does not violate the constitution, so Jeffreys has not failed to take any action.

Plaintiff's allegation that his Eighth Amendment rights were violated is unsupported by any specific factual allegations, and it is not clearly tied to particular individual defendants. Accordingly, this claim is subject to dismissal.

In sum, Plaintiff's complaint will be dismissed in its entirety because he has failed to present factual or legal allegations sufficient to state a claim against any named defendant. Typically, the Court would afford the Plaintiff an opportunity to amend his complaint, but here the Court does not believe an opportunity to amend is necessary

because it is not apparent that plaintiff could produce any set of allegations related to the underlying factual allegations that would be sufficient to state a claim based upon the identified legal theories. The Court will dismiss Plaintiff's complaint for failure to state a claim. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).

The Court additionally notes that Plaintiff has failed to comply with any directives related to his case. Specifically, on June 7, 2022, he was directed to pay a filing fee or to apply for pauper status. He was also directed to file a notice of consent within 21 days of June 7. Plaintiff has not communicated with the Court at all about his case since filing it and these failures provide an additional basis for dismissal. *See* Fed. R. Civ. P. Rule 41(b) (allowing dismissal for failure to prosecute); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action with prejudice for failure to prosecute if a party does not provide a timely response to a court order).

## Disposition

Plaintiff's Complaint will be **DISMISSED** with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $402.00 remains

due and payable regardless of the dismissal of this case. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

Dated: July 12, 2022

DAVID W. DUGAN
United States District Judge